

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-5-2008

# Montano-Hernandez v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2941

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Montano-Hernandez v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1269.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1269

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2941
_____

JUL BRINER CESAR
MONTANO-HERNANDEZ,
Petitioner

v.

ATTORNEY GENERAL
OF THE UNITED STATES,
Respondent

_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. No. A95 122 457)
Immigration Judge:  Honorable Henry S. Dogin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 23, 2008

Before:  RENDELL, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Filed: May 5, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM

Jul Briner Cesar Montano-Hernandez petitions for review of an order of the Board

of Immigration Appeals ("BIA") affirming the denial of his applications for withholding of removal and protection under the United Nations Convention Against Torture ("CAT").[1]  For the reasons that follow, we will deny the petition.

Montano-Hernandez, a native and citizen of El Salvador, entered the United States in July 2002.  Shortly thereafter, he was charged as being removable based on his entry into this country without being admitted or paroled.  See Immigration and Nationality Act ("INA") § 212(a)(6)(A)(I) [8 U.S.C. § 1182(a)(6)(A)(I)].  Montano-Hernandez appeared before an Immigration Judge ("IJ") in November 2005 and applied for asylum, withholding of removal and for relief under the CAT, alleging that he had been threatened and attacked for refusing to join a violent gang known as "las maras."

The IJ concluded that Montano-Hernandez was not persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion.  Alternatively, the IJ determined that Montano-Hernandez was not credible because of inconsistences between his testimony, his asylum application, and witnesses' written statements.  The BIA dismissed the appeal, citing the same inconsistencies to support its

---

[1]  Montano-Hernandez had applied for asylum, but the IJ deemed the application untimely under INA § 208(a)(2)(B) [8 U.S.C. § 1158(a)(2)(B)] (requiring filing within one year of arrival).  Montano Hernandez did not make any arguments concerning the timeliness of his asylum application in his appeal to the BIA, see INA § 242(d)(1) [8 U.S.C. § 1252(d)(1)]), and, even if he had, we lack jurisdiction to review the IJ's timeliness determination.  See INA § 208(a)(3) [8 U.S.C. 1252(a)(3)] (stating that "[n]o court shall have jurisdiction to review any determination of the Attorney General" relating to the timeliness of an asylum application).

2

conclusion that Montano-Hernandez was not credible. Montano-Hernandez filed a petition for review.

Judicial review of final orders of removal is available only if the alien has exhausted administrative remedies available "as of right."[2] INA § 242(d)(1) [8 U.S.C. § 1252(d)(1)]. "To exhaust a claim before the agency, an applicant must first raise the issue before the BIA or IJ . . . so as to give it 'the opportunity to resolve a controversy or correct its own errors before judicial intervention.'" Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir. 2005) (citing Zara v. Ashcroft, 383 F.3d 927, 931 (9th Cir. 2004)). "So long as an immigrant petitioner makes some effort, however insufficient, to place the Board on notice of a straightforward issue being raised on appeal, a petitioner is deemed to have exhausted her administrative remedies." Yan Lan Wu v. Ashcroft, 393 F.3d 418, 422 (3d Cir. 2005) (citing Bhiski v. Ashcroft, 373 F.3d 363, 367-68 (3d Cir. 2004)).

The government contends that Montano-Hernandez failed to exhaust his claim that the IJ "erred by failing to conduct a full and fair hearing, thus violating [Montano-Hernandez's] due process rights as afforded by the Fifth Amendment." It is clear that Montano-Hernandez did not raise this claim in his Notice of Appeal to the BIA or in his brief filed in support of the Notice of Appeal. See Yan Lan Wu, 393 F.3d at 422. When a petitioner advances a due process claim, however, exhaustion of administrative

---

[2] A claim is "available as of right" if "(1) the alien's claim was within the jurisdiction of the BIA to consider and implicated agency expertise, and (2) the agency was capable of granting the remedy sought by the alien." Bonhometre, 414 F.3d at 447.

3

remedies may not be required because the BIA generally lacks jurisdiction to hear constitutional challenges. See Sewak v. INS, 900 F.2d 667, 670 (3d Cir. 1990). But a due process claim alleging an error that is correctable through the administrative process is subject to the exhaustion requirement. See Khan v. Attorney General, 448 F.3d 226, 236 n.8 (3d Cir. 2006) ("[B]ecause this claim, stripped of its 'due process' label, is a claim of procedural error that could have been addressed by the BIA on appeal, the requirement that [the petitioner] exhaust remedies applies."). Although Montano-Hernandez presented his claim "in the language of procedural due process," Bonhometre, 414 F.3d at 448, the gravamen of his argument is that the IJ's adverse credibility determination was not supported by the evidence. Because the BIA had the ability to hear, adjudicate, and remand this claim, see 8 C.F.R. § 1003.1(d), Montano-Hernandez's failure to present it to the Board generally would render the claim unexhausted.

Here, however, the BIA addressed the adverse credibility determination sua sponte. When the BIA sua sponte addresses an otherwise unexhausted issue, failure to raise the issue on administrative appeal may be excused. See Sidabutar v. Gonzales, 503 F.3d 1116, 1119-22 (10th Cir. 2007); Ye v. Dep't of Homeland Security, 446 F.3d 289, 296-97 (2d Cir. 2006); Abebe v. Gonzales, 432 F.3d 1037, 1041 (9th Cir.2005); Socop-Gonzalez v. INS, 272 F.3d 1176, 1186 (9th Cir. 2001); but see Amaya-Artunduaga v. Attorney General, 463 F.3d 1247, 1250-51 (11th Cir. 2006) (holding that the court lacks jurisdiction to review an otherwise unexhausted claim that the BIA addresses sua

4

sponte). To the extent we retain jurisdiction to review the BIA's sua sponte consideration of the adverse credibility determination, we conclude that the Board's determination is supported by substantial evidence, as governed by the REAL ID Act of 2005. See INA § 208(b)(1)(B)(iii); Gabuniya v. Attorney General, 463 F.3d 316, 322 n.7 (3d Cir. 2006).

The BIA's adverse credibility determination was based on inconsistencies between Montano-Hernandez's testimony, his asylum application, and witnesses' affidavits. For instance, Montano-Hernandez's asylum statement indicated that in May 2002 gang members assaulted him, his girlfriend, and his cousin as they left a party. Montano-Hernandez repeatedly testified, however, that the incident occurred in March 2002. An affidavit from Montano-Hernandez's cousin provides yet a third date for the assault: the beginning of June 2002. That affidavit also claims that the gang "took knives out and cut us." But Montano-Hernandez testified that he was cut by gang members in a separate incident 15 days after the party, and that his aunt took him to a hospital for medical treatment. An unsworn statement submitted by Montano-Hernandez's aunt, however, states that she took him to the hospital to be treated for "black and blues, and some scratches" suffered when Montano-Hernandez was attacked after the party. Although Montano-Hernandez's asylum application indicates that the gang threatened him "several days after th[e] first attack," it does not include any reference to being cut or going to the hospital. These are substantial inconsistencies, and we cannot find that "any reasonable

5

adjudicator would be compelled to conclude to the contrary." INA § 242(b)(4)(B); <u>Dia v. Ashcroft</u>, 353 F.3d 228, 247 (3d Cir.2003) (en banc).

For these reasons, we will deny the petition for review.[3]

---

[3] Montano-Hernandez devotes the majority of his brief to arguing that he satisfies the statutory criteria for withholding of removal and CAT relief. In particular, he claims that young males in El Salvador who refuse to join criminal gangs constitute a "particular social group" and that the government of El Salvador will "acquiesce" in the gang's torture of him. Because the BIA affirmed the IJ's decision based only on the adverse credibility determination, we cannot reach these issues. <u>See</u> <u>Yatskin v. INS</u>, 255 F.3d 5, 9 (1st Cir. 2001) ("[A] reviewing court should judge the action of an administrative agency based only on reasoning provided by the agency . . . ."); <u>see</u> <u>also</u> <u>SEC v. Chenery Corp.</u>, 332 U.S. 194, 196 (1947).